IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JEWEL WAYNE FLETCHER, § <br> TDCJ No. 2033482, § <br> § <br> Petitioner, § <br> § <br> v. § <br> § <br> LORIE DAVIS, Director, § <br> Texas Department of Criminal Justice, § <br> Correctional Institutions Division, § <br> § <br> Respondent. § | Civil Action No. 7:19-cv-00019-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are the Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed February 25, 2019 by Petitioner Jewel Wayne Fletcher ("Petitioner") pursuant to 28 U.S.C. § 2254; Petitioner's Brief in Support of Petition for Writ of Habeas Corpus, ECF No. 9; Respondent's Preliminary Response with Brief in Support, ECF No. 13; and Petitioner's Reply to Respondent's Preliminary Response, ECF No. 19. This case was referred to the undersigned pursuant to Special Order 3 on February 25, 2019. ECF No. 2. After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus **with prejudice** as time-barred.

I.   **BACKGROUND**

Petitioner is a prisoner confined in the Robertson Unit of the Texas Department of Criminal Justice ("TDCJ") in Abilene, Texas. ECF No. 1 at 1. He challenges the validity of his Wichita County conviction of unlawful possession of a firearm by a felon. *Id.* at 2. He was sentenced on October 21, 2015. *Offender Information Details*, TEXAS DEP'T OF CRIMINAL JUSTICE, https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05521096 (last visited

Oct. 3, 2019). The Second District Court of Appeals affirmed his conviction on January 26, 2017. *Fletcher v. State*, No. 02-15-00471-CR, 2017 WL 370938 (Tex. App.—Fort Worth Jan. 26, 2017, pet. ref'd) (mem. op., not designated for publication). The Texas Court of Criminal Appeals ("TCCA") refused Petitioner's Petition for Discretionary Review ("PDR") on June 28, 2017. *Id.* Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States. *See* ECF No. 1 at 3–4. Petitioner mailed his state habeas application on September 17, 2018, and the TCCA denied the application on December 19, 2018. ECF Nos. 12-21; 13-1 at 3. He filed the instant Petition on February 19, 2019.[1] ECF No. 13-1 at 5.

## II. LEGAL STANDARD AND ANALYSIS

District courts are permitted to consider, *sua sponte*, the timeliness of a motion filed under 28 U.S.C. § 2254. *Day v. McDonough*, 547 U.S. 198, 209 (2006); *Kiser v. Johnson*, 163 F.3d 326, 329 (5th Cir. 1999).

### A. Petitioner is Time-Barred by the AEDPA Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations for an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. 28 U.S.C. § 2244(d); *Harrington v. Richter*, 562 U.S. 86, 97 (2011). AEDPA provides in pertinent part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1] When determining the applicability of AEDPA, a federal habeas petition is considered filed on the date the prisoner delivers it to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998). Included in this federal habeas Petition is a statement, signed by Petitioner, that he mailed the Petition on January 30, 2019. ECF No. 1 at 10. The prison mail log, however, shows that he mailed the Petition on February 19, 2019. ECF No. 13-1 at 5.

>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2019).

State law determines the time period within which a prisoner may file a direct appeal of a state conviction. *Roberts v. Cockrell*, 319 F.3d 690, 693–94 (5th Cir. 2003). In Texas, if a defendant does not move for a new trial, he has thirty days after the sentencing date to file a timely notice of appeal. Tex. R. App. P. 26.2(a). If the defendant does not file timely notice of appeal, his conviction becomes final at the end of the thirty-day period. *Id.*; 28 U.S.C. § 2244(d). If the defendant files timely notice of appeal and the appellate court affirms, he has thirty days after the affirming court's judgment to file a PDR with the TCCA. Tex. R. App. P. 68.1 and 68.2(a). If the defendant does not file a timely PDR, his conviction becomes final at the end of the thirty-day period. 28 U.S.C. § 2244(d); Tex. R. App. P. 68.2(a). If the defendant files a timely PDR and the TCCA affirms the conviction or denies review, the defendant may file a petition for writ of certiorari with the Supreme Court of the United States within ninety days of the TCCA's order. U.S. Sup. Ct. R. 13(1); *Roberts*, 319 F.3d at 693 n.14. If the defendant does not file a petition for writ of certiorari, his conviction becomes final at the end of the ninety-day period. 28 U.S.C. § 2244(d); *see* U.S. Sup. Ct. R. 13(1). If the defendant files a timely petition for writ of certiorari, his conviction becomes final on the date the Supreme Court issues an order regarding his

3

conviction. Once his conviction becomes final, the limitation period under § 2244(d)(1)(A) begins to run, so long as §§ 2244(d)(1)(B)–(D) do not apply.

The Second District Court of Appeals affirmed Petitioner's conviction on January 26, 2017, and the TCCA refused his PDR on June 28, 2017. Petitioner did not file a petition for writ of certiorari with the Supreme Court of the United States, so his conviction became final on September 26, 2017. Consequently, AEDPA's limitation period ended on September 26, 2018. Although AEDPA provides four possible dates on which the limitation period may begin to run, the date on which the judgment became final is the only one relevant here. *See* 28 U.S.C. § 2244(d)(1); *see also* ECF Nos. 1, 9, 19. Petitioner filed the instant Petition for Writ of Habeas Corpus on February 19, 2019.

### B. Petitioner is Entitled to Statutory Tolling

AEDPA states: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (2019). An application for state habeas relief filed after the limitation period ends does not affect AEDPA's limitation period. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Petitioner mailed his state habeas application on September 17, 2018, and the TCCA denied the application on December 19, 2018. Because the state habeas application was pending for ninety-four days, Petitioner is entitled to ninety-four days of tolling of the AEDPA limitation period. This extended the deadline for filing the instant Petition from September 26, 2018 to December 31, 2018.[2] Petitioner declared that he mailed the Petition on January 30, 2019, but the

---

[2] Because the tolling period ended on Saturday, December 29, 2018, the Court uses the date of the following Monday in calculating the filing deadline. *See* Fed. R. Civ. P. 6(a)(1)(C); *Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (holding that Rule 6(a) applies when computing AEDPA's § 2244 limitation period).

4

prison mail room logs states that he mailed it on February 19, 2019. Regardless of whether Petitioner mailed the Petition in January or in February, both dates are after the December 31, 2018 deadline.

On January 4, 2019, Petitioner submitted a motion for reconsideration of the TCCA's denial of his state habeas application, which the TCCA denied. ECF No. 12-22. Petitioner correctly argues that the time during which a motion for reconsideration is pending does not count toward the limitation period. 28 U.S.C. § 2244(d)(2); ECF No. 19 at 4; *see Emerson v. Johnson*, 243 F.3d 931 (5th Cir. 2001). However, the motion does not toll the period here because it was filed after the limitation period expired.

### C. Petitioner is Not Entitled to Equitable Tolling

The Court must next consider whether the circumstances of the instant case warrant the application of equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (holding that AEDPA's one-year statute of limitations is subject to equitable tolling). AEDPA's period of limitation may be equitably tolled, thereby saving a time-barred petition, only in "rare and exceptional circumstances[.]" *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). "To obtain the benefit of equitable tolling, [Petitioner] must establish that (1) he pursued habeas relief with 'reasonable diligence,' and (2) some 'extraordinary circumstances' stood in his way and 'prevented' timely filing." *Palacios v. Stephens*, 723 F.3d 600, 604 (5th Cir. 2013).

"[T]he circumstances of each case, taken together, must determine whether a particular petitioner was diligent in pursuing his claims and, therefore, entitled to equitable tolling." *Williams v. Thaler*, 400 Fed. Appx. 886, 891 (5th Cir. 2010) (per curiam). Equitable tolling is not intended for "those who sleep on their rights." *Fisher*, 174 F.3d at 715 (quoting *Covey v. Arkansas River Co.*, 865 F.2d 660, 662 (5th Cir. 1989)). Such tolling is an extraordinary remedy that courts extend

sparingly. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). It "applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner does not allege facts to show that he pursued habeas relief with reasonable diligence or that extraordinary circumstances prevented timely filing. He argues that USPS and the prison mailroom staff caused delays in his incoming and outgoing mail, but the delays he alleges range from only three to ten days and do not support either element of equitable tolling. ECF No. 19. Therefore, because Petitioner has not established the two elements required for equitable tolling, he is not entitled to such tolling.

### III. CONCLUSION

After considering the pleadings and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **DISMISS** the Petition for Writ of Habeas Corpus, ECF No. 1, **with prejudice** as time-barred.

A copy of this Findings, Conclusions, and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Findings, Conclusions, and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed **October 8, 2019**.

                                                   _____
                                                   Hal R. Ray, Jr.
                                                   UNITED STATES MAGISTRATE JUDGE