IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JEWEL WAYNE FLETCHER, § | |
| § | |
| Petitioner, § | |
| § | |
| v. § | |
| § | Civil Action No. 7:19-cv-019-O-BP |
| LORIE DAVIS, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge has entered his Findings, Conclusions, and Recommendation in which he recommends that this action be dismissed as time-barred. ECF No. 20. Objections were filed by Petitioner. ECF No. 25. The District Court reviewed de novo those portions of the Findings, Conclusions, and Recommendation to which objections were made, and reviewed the remaining Findings, Conclusions, and Recommendation for plain error. Finding no error, I am of the opinion that the findings of fact, conclusions of law, and reasons for denial set forth in the Magistrate Judge's Recommendation are correct and they are hereby adopted and incorporated by reference as the Findings of the Court.

In his objections, Petitioner reasserts his argument that his motion for rehearing of the denial of his art. 11.07 state habeas application by the Texas Court of Criminal Appeals tolled the federal statute of limitations until the motion for rehearing was denied on January 18, 2019. *See* ECF No. 25 at 2. As stated by the Magistrate Judge, Petitioner's federal statute of limitations expired on December 31, 2018. *See* ECF No. 20 at 4. Petitioner mailed his motion for rehearing to the Texas

Court of Criminal Appeals on January 4, 2019. *See* ECF No. 12-22 at 3. Because Petitioner filed the motion for rehearing in his state habeas case after the federal limitation period had expired, the motion did not toll the federal statute of limitations. *See* ECF No. 12-22 at 3 (establishing a filing date of January 4, 2019 for the motion for rehearing); *see also Emerson v. Johnson*, 243 F.3d 931, 935 (5th Cir. 2001) (holding that motions for rehearing properly filed within the limitation period toll); *Gordon v. Dretke*, 107 F. App'x 404, 406 (5th Cir. 2004) (noting that a motion to reconsider denial of state habeas application was filed after the expiration of the § 2244(d) limitations period, distinguishing the case from *Emerson*). Thus, the instant petition, signed on January 30, 2019 (*See* ECF No. 1 at 10) and logged by the prison mail room as mailed on February 19, 2019 (*See* ECF No. 13-1 at 5), was filed after December 31, 2018, the date on which the federal statute of limitations expired. *See Haywood v. Director*, No. 1:15-cv-150, 2016 WL 1166333, at *2 (E.D. Tex. Feb. 2, 2016), *rec. adopted*, No. 1:15-cv-150, 2016 WL 1162525 (E.D. Tex. Mar. 24, 2016) (dismissing federal habeas petition as time-barred where petitioner's motion for reconsideration of his state habeas application was filed after the federal statute of limitations had expired).

Accordingly, this action is **DISMISSED** with prejudice as **TIME-BARRED**.

**SO ORDERED** this **11th day** of **December, 2019.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE